FREDERICK W. PAYNE, PLAINTIFF IN ERROR, v. WILLIAM MAHON, DEFENDANT IN ERROR.

1. The act establishing District Courts, and granting to those courts jurisdiction exclusive of all other courts whatever, in all causes arising under the act, is not in contravention of the constitutional prohibition that "every law shall embrace but one object, and that shall be expressed in its title."
2. The grant of jurisdiction is a necessary incident to the establishment of the District Courts, and the taking away of the jurisdiction conferred from other courts, is not only not foreign to the object of the law, but is manifestly cognate to it.

---

Error to the Supreme Court.

William Mahon brought suit before Thomas Aldrich, a justice of the peace in and for the county of Hudson, against Frederick W. Payne. The summons issued September 12th,

1878, and was returnable at the office of said justice, 599 Newark avenue, Jersey City, on September 18th, 1878. The action was an action of debt, to recover the sum of $5, money loaned by plaintiff to defendant.

The docket of the justice, after stating the return of the writ, the filing of the state of demand, the appearance of the parties, plaintiff and defendant, and the adjournment of the case by consent until September 25th, states as follows:

" Sept. 25th.   Plaintiff and defendant both appeared, and ready for trial.   Counsel, Mr. MacSherry, for the defendant, moved to dismiss the action on the ground that there is in Jersey City, where the defendant resides, a District Court, created by the legislature of 1877, which District Court has exclusive jurisdiction in all cases of this nature, and that this court must take cognizance of said District Court.   There being no evidence before me as to where the defendant lived, or as to the exact location of the defendant's residence, I refused to dismiss the action.   The case proceeded ; William Mahon, for plaintiff, being sworn, and Frederick W. Payne sworn for defendant ; and it now appearing from the evidence that defendant, at the time of the issuing of the summons in this case, and at the time of the service thereof, was and is still a resident in the corporate limits of Jersey City, defendant's counsel renewed his motion to dismiss on the ground of the want of jurisdiction of this court, which motion I overruled ; and it having been shown by the evidence of the plaintiff that the defendant is now indebted to plaintiff in the sum of $5, I gave judgment in favor of the plaintiff, and against the defendant, for the sum of $5 and the costs of this suit, $2.48."

A writ of *certiorari* was allowed by Mr. Justice Knapp, November 2d, 1878, to remove this judgment to the Supreme Court, returnable to the November Term, 1878, of this court.

It was argued at the November Term, 1878, before Justices Van Syckel, Knapp and Dixon, and decided at the June Term, 1878, (12 *Vroom* 292.)   Judgment was entered October

31st, 1881, and thereupon a writ of error was brought, returnable to the November Term, 1881; a *certiorari* likewise issuing to bring up the outbranches of the record.

To the plaintiff's assignment of error the defendant pleaded *in nullo est erratum.*

For the plaintiff in error, *F. W. Stevens.*

For the defendant in error, *Theodore Ryerson.*

The opinion of the court was delivered by

THE CHANCELLOR. The question presented in this case is as to the validity of the provision of the sixth section of the act " constituting District Courts in certain cities in this state," that those courts shall have jurisdiction exclusive of all other courts whatever, in all cases arising under the act where the party defendant resides within the corporate limits of the city wherein those courts shall be established. *Rev., pp.* 1301, 1302. The act was subsequently modified by an act limiting its operation, (*Pamph. L.,* 1878, *p.* 94,) and another increasing the jurisdiction, and giving the Circuit Courts concurrent jurisdiction. *Id., p.* 148. The objection urged is, and the Supreme Court held, that the provision for exclusive jurisdiction is, in view of the title of the act, invalid, as being in contravention of the constitutional prohibition that " every law shall embrace but one object, and that shall be expressed in the title." The Supreme Court held the act valid so far as the grant of jurisdiction is concerned, but not as to the provision that the jurisdiction shall be exclusive. To warrant the conclusion that the enactment under consideration is unconstitutional, the mind of the court should be free from doubt on the subject. In the language of Chief Justice Marshall, " the opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other." *Fletcher v. Peck,* 6 *Cranch* 87, 128. Referring to the very constitutional objection now under consideration, Chief Justice Beasley

Payne v. Mahon.

said in *State* v. *Hammer,* 13 *Vroom* 435, 438, that it is only in perfectly plain cases that it is proper for the courts to vacate statutes on that ground. The provision in question is not, in my judgment, liable to the objection. The constitution itself gives the reason for the requirement that every law shall have but one object, and that shall be expressed in the title. It is to avoid the evil of intermingling in one act things which have no proper relation to each other. That requirement is not violated by the enactment under consideration. The grant of jurisdiction is a necessary incident to the establishment of the District Courts, and the taking away of the jurisdiction conferred from other courts which, up to that time, had exercised it, is germane to it. It cannot, in any proper sense, be said to have no proper relation to the subject or object of the law, which is the establishment of District Courts in certain places. It is not only not foreign to the object, but is manifestly cognate to it. The instances in which such legislation has been upheld are numerous. It would be pushing the constitutional requirement to the extreme to adjudge that the enactment in question is invalid by reason of it.

The judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, MAGIE, PARKER, REED, SCUDDER, COLE, GREEN, KIRK, WHITAKER—11.